UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Dealyyo LLC,** *et al.*, | ) | **CASE NO. 20 CV 778** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Fusion92 Door Media, LLC,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiffs' Motion to Remand (Doc. 9). This is a breach of contract action. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiff Dealyyo LLC initially filed this action in state court against defendant Fusion92 Door Media, LLC ("Fusion") alleging breach of contract, unjust enrichment, and fraud in connection with a marketing campaign. In the state court complaint, plaintiff alleges that a contract existed between defendant and another entity, PJ One, LLC ("PJ One"). Pursuant to that contract, PJ One agreed to place advertising flyers on residential doors in order to promote

1

LA Fitness.   After PJ One failed to complete its duties, plaintiff agreed to assume PJ One's obligations under the contract.  In exchange, defendant agreed to pay plaintiff all of the costs it incurred, as well as the costs incurred by PJ One, "but paid for by plaintiff."  (State Court Complaint at par. 14).  Plaintiff completed the work, but defendant did not pay for all of the costs incurred.

Thereafter, plaintiff filed this lawsuit.  The state court complaint contains three claims for relief.  Plaintiff asserts claims for breach of contract, unjust enrichment, and fraud.   Defendant removed the matter to federal court on the grounds that diversity jurisdiction exists over this action.  In response, plaintiff filed an amended complaint.  The amended complaint adds two new plaintiffs, *i.e.*, Mihai Domaneant, and B Stone Entertainment, LLC.  In addition, plaintiff[1] adds the following new party defendants: Dwayne Anderson, Tosha Anderson, Blicence1, Inc., Ruffin Real Estate Company, Tracey Brown, and Terry Lewis.  Plaintiff also adds PJ One Enterprises, LLC.  It appears that this is the same legal entity as PJ One.

The amended complaint contains allegations regarding three entirely separate disputes. The first dispute involves the same or similar allegations as those set forth in the state court complaint.  In addition to naming Fusion, plaintiff now alleges that PJ One is "alternatively" liable for damages incurred as a result of the LA Fitness marketing campaign.  The other disputes involve the sale of a house and the mismanagement of a bar.  These disputes appear entirely unrelated to plaintiff Dealyyo's original allegations.  So much so that plaintiff alleges that it is anticipating a motion to bifurcate and that some individuals were named "solely because

---

[1] For ease of reference, the Court refers to plaintiff in the singular even though the amended complaint adds new-party plaintiffs.

they have an interest in the property."

Plaintiff moves to remand this matter to state court on the grounds that the new-party defendants, including PJ One, are citizens of Ohio and that diversity jurisdiction no longer exists. Defendant Fusion opposes the motion on the basis of fraudulent joinder.

**ANALYSIS**

The parties do not dispute that diversity jurisdiction existed at the time of removal. Congress enacted 28 U.S.C. § 1447(e) to address the addition of non-diverse parties to an otherwise properly removed case.  The statute provides, "[I]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the State court."  Courts generally consider four factors in determining whether to allow the addition of non-diverse defendants: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors."  *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 823 (N.D. Ohio 2008).

As an initial matter, the Court notes that plaintiff amended its complaint without seeking leave of Court.  Although the case is in its early stages and no pleading amendment deadline has been set, parties typically seek leave to join new-party defendants whose joinder would destroy diversity.  As set forth below, the Court finds that joinder of PJ One is proper.  As such, the Court lacks diversity jurisdiction over this case and finds that the propriety of including the seemingly unrelated disputes with this lawsuit is more appropriately addressed by the state court.

Plaintiff argues that remand is required because all of the new-party defendants are residents of Ohio.  Plaintiff points out that prior to the filing of the state court lawsuit, Fusion itself indicated that PJ One is the proper defendant.  Thus, joinder of this defendant is undoubtedly proper.  In response, Fusion argues that plaintiff fraudulently joined all of the new-party defendants.   According to Fusion, plaintiff's true intent is to defeat diversity jurisdiction, which is obvious from the inclusion in the amended complaint of two totally unrelated disputes.[2] Fusion also argues that plaintiff delayed in seeking an amendment.  According to Fusion, plaintiff knew of PJ One prior to the filing of the state court lawsuit.  Counsel for Fusion sent a letter to counsel for plaintiff indicating that privity is lacking between the two parties and that PJ One is the proper defendant.  Yet, plaintiff did not name PJ One as a defendant until after removal. With regard to the third factor, Fusion notes that plaintiff will not be prejudiced if the Court denies joinder because plaintiff should not be rewarded for blatant forum shopping.

Upon review, the Court finds that joinder of PJ One is proper.  The Court acknowledges that the inclusion of parties solely involved in the unrelated disputes appears to be an attempt to defeat federal jurisdiction.  Not only do these parties have no bearing on plaintiff's initial lawsuit, but one of the disputes appears to be the focus of other pending litigation.  On the other hand, the Court rejects Fusion's argument that plaintiff's awareness of the potential liability of PJ One prior the filing of the lawsuit supports a finding of fraudulent intent.  If plaintiff's true intent was to avoid federal jurisdiction, plaintiff simply could have named PJ One in state court.

---

[2] It appears that Fusion further argues that plaintiff attempted to defeat diversity jurisdiction in state court by seeking monetary relief totaling less than the amount in controversy requirement.  Only after the filing of the complaint did plaintiff send a demand letter seeking $250,000.

Had it done so, Fusion would not have been able to remove the action in the first place. Thus, the Court finds that this fact actually weighs in favor of finding that the addition of PJ One is not intended to destroy federal jurisdiction. Accordingly, this factor is, at best, neutral.

The Court finds that both the second and third factors weigh in favor of joinder. Plaintiff filed its amended complaint adding PJ One within three weeks of removal. There is no indication that plaintiff was dilatory in seeking to amend the complaint. With regard to the third factor, Fusion itself noted its position that PJ One is the primarily liable party. Fusion does not address this point and, instead, rests on the notion that plaintiff's intent is to forum shop. But, without PJ One in this case, plaintiff may be unable to secure complete relief. Accordingly, factor three weighs strongly in favor of allowing joinder.

No party identifies any other relevant "equitable factors" and, as such, the fourth factor is neutral.

The Court simply cannot say that plaintiff named PJ One in an effort to defeat federal jurisdiction. Because plaintiff did not act in a dilatory fashion in seeking to amend and is likely to suffer significant prejudice if an amendment is denied, joinder of PJ One is proper. Having so found, complete diversity is lacking and remand is required.

**CONCLUSION**

For the foregoing reasons, plaintiffs' Motion to Remand (Doc. 9) is GRANTED.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge
Dated: 6/15/20                    Chief Judge